**WILSON & CO., Inc., v. MOORE et al.**

No. 24264. Opinion Filed April 25, 1933.

Bennett & Bennett, for petitioner.

Lillard, Gibbons & Wheeling, for respondents.

McNEILL, J. This court, on June 28, 1932, remanded this cause to the Commission, with directions to hear further testimony on the question of the permanency of disability of respondent. 158 Okla. 140, 12 P. (2d) 693. The Commission thereafterwards held a hearing, and on October 28, 1932, made its award, in part, as follows:

"That on the 9th day of May 1930, the claimant herein was in the employment of the respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that, on said date, he sustained an accidental injury, arising out of and in the course of his employment, said injury being to his right shoulder.

"That at the time of said accidental injury, the claimant's average weekly wage was $25 per week.

"That the claimant has been paid compensation during the time of his temporary total disability.

"That by reason of said accidental injury, the claimant has sustained a ten per cent. permanent partial disability to his right shoulder, which is due to said accidental injury, and which disability is permanent."

It appears from the record that respondent sustained an accidental personal injury while in the employ of Wilson & Co., Inc., petitioner, on May 9, 1930, resulting in dislocation of his right shoulder.

A report of initial payment of compensation was filed with the Commission on May 31, 1930, and shows that compensation was started on May 17, 1930, by petitioners. On June 28, 1930, petitioners filed a stipulation and receipt with the Commission, setting forth the nature of the injury as being "dislocated right shoulder," and to extent of disability "as temporary." This stipulation and receipt, being form 7 M, also recites that the employee returned to work 6-21-30, and the total amount paid the employee was $83.34 for the period of disability of five weeks and five days, including hospital and medical expenses in the sum of $25. On July 3, 1930, the Commission ordered that the amount so paid for temporary total disability be approved and the case be closed.

Subsequently, on June 16, 1931, respondent filed a motion before the Commission for further compensation for permanent disability. The Commission held a hearing, and on November 3, 1931, entered its order and award, finding that respondent had sustained a ten per cent. permanent disability to his right shoulder as result of said injury, due to change in his condition, and that his temporary disability had become permanent. This court, on June 28, 1932, remanded the cause, as stated aforesaid, to the Commission, to hear further testimony on the permanency of respondent's disability.

It appears that about one year following the injury, respondent had a paralytic stroke, and subsequently a second stroke of paralysis, affecting respondent's right side, right side of face, right shoulder, right arm, and right leg; that he was treated by the Veteran's Bureau for a period of about twelve months. It is not contended, however, that the paralysis is in any way attributable to the original injury. The only question for our consideration is whether or not respondent has suffered permanent disability due to the original injury.

It is strongly urged by petitioner that there is no competent evidence to support the award. We have considered the rec-

ord, and conclude that it is unnecessary to discuss the expert testimony introduced in this case. We are of the opinion that there is competent evidence reasonably tending to support the award.

Award affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, OSBORN, BUSBY, and WELCH, JJ., concur. BAYLESS, J., absent.